SUPPRESSED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

OCT - 2 2013

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| DEON E. ANDERSON, | ) **4:13CR403 HEA/SPM** |
| ROBERT DIAZ, JR., <br> a/k/a Bobby Diaz, | ) |
| JEFFREY LAVELLE, and | ) |
| WILLIAM P. BOOZER, | ) |
| Defendants. | ) |

## INDICTMENT

**THE GRAND JURY CHARGES:**

BACKGROUND

At all times relevant to the Indictment:

1. Boeing Company Defense Space and Security Division (hereinafter referred to as "Boeing") was a defense contractor providing military style aircraft to the United States Department of Defense and the United States armed services. Boeing had offices and procurement operations located in St. Louis, Missouri. Defendant **DEON E. ANDERSON** (hereinafter referred to as "**ANDERSON**") was a Procurement Officer for Boeing, and resided in the St. Louis, Missouri area.

2. J. L. Manufacturing was a well established aerospace job machine shop specializing in hard metals, with the capability of producing small to medium sized complex

1

parts of ferrous and non-ferrous materials. J. L. Manufacturing was a sub-contractor to Boeing on numerous United States government contracts. J. L. Manufacturing was located in Everett, Washington. Defendant **JEFFREY LAVELLE** (hereinafter referred to as "**LAVELLE**") was the owner and operator of J. L. Manufacturing, directed the day to day operations of the company, and oversaw all financial aspects of the company. **LAVELLE** resided in Mukilteo, Washington.

  3.  Inland Empire and Associates, Inc. (hereinafter referred to as "Inland Empire") was engaged in consulting to defense aircraft manufacturers and parts suppliers, including consulting for J. L. Manufacturing. Inland Empire was located in Las Vegas, Nevada. Defendant **ROBERT DIAZ, JR., a/k/a Bobby Diaz** (hereinafter referred to as "**DIAZ**") was the owner and operator of Inland Empire, and personally consulted to J. L. Manufacturing and defendant **LAVELLE** relative to numerous Boeing sub-contracts. **DIAZ** resided in Alta Loma, California.

  4.  Globe Dynamics International, Inc. (hereinafter referred to as "Globe Dynamics") was a leader in producing small to large, close tolerance precision machined parts and the assembly of complex components. Globe Dynamics was a sub-contractor to Boeing on numerous United States government contracts. Globe Dynamics was located in Santa Ana, California. Defendant **WILLIAM P. BOOZER** (hereinafter referred to as "**BOOZER**") was an owner and operator of Globe Dynamics, and directed the day to day operations of the company, including the submission of contract bids. **BOOZER** resided in Hacienda Heights, California.

SCHEME TO DEFRAUD

## COUNT 1
## MAIL FRAUD

5. The grand jury fully incorporates by reference, as if fully set forth herein, paragraphs 1 - 4 of the Background section of this Indictment.

6. Beginning on or about May 10, 2011, and continuing through April 30, 2013, both dates being approximate and inclusive, in the Eastern District of Missouri and elsewhere, defendants,

**DEON E. ANDERSON,**

**ROBERT DIAZ, JR., a/k/a Bobby Diaz, and**

**JEFFREY LAVELLE,**

acting together and aiding and abetting one another, devised, intended to devise, and knowingly participated in a scheme to defraud and obtain money from Boeing and the United States, by means of materially false and fraudulent pretenses, representations, and promises, and to deprive Boeing of its right to the honest, faithful, and impartial services of its Procurement Officer, defendant **DEON E. ANDERSON**.

7. It was a part of the scheme that on one and more occasions, defendant **ANDERSON**, without the knowledge of Boeing, provided J.L. Manufacturing, through defendants **LAVELLE** and **DIAZ**, non-public competitor bid information and historical price information in connection with one and more Boeing military aircraft part purchase order requests for quotes. Defendant **LAVELLE** used that non-public competitor bid information and historical price information in preparing and submitting bids on behalf of J.L. Manufacturing to

Boeing relative to and in response to approximately nine (9) different Boeing requests for quotes relative to those various purchase orders.

8. It was a further part of the scheme that on one and more occasions, in exchange for defendant **ANDERSON** providing J.L. Manufacturing with non-public competitor bid information and historical price information in connection with the Boeing purchase order requests for quotes, defendants **LAVELLE** and **DIAZ** made cash payments to defendant **ANDERSON**. On more than one occasion defendant **ANDERSON** met with defendant **LAVELLE**, both in Huntington Beach, California and in St. Louis, Missouri, where **ANDERSON** received cash payments directly from **LAVELLE**. Further, on more than one occasion, defendant **DIAZ** mailed cash money orders from California to defendant **ANDERSON** in St. Louis, Missouri.

9. It was a further part of the scheme that of the nine (9) different Boeing requests for quotes which J.L. Manufacturing submitted bids on using the non-public information provided by defendant **ANDERSON**, J.L. Manufacturing was awarded seven (7) purchase orders to supply United States military aircraft parts to Boeing. Those purchase orders totaled in excess of $2,000,000.00.

THE MAILING

10. On or about March 29, 2013, within the Eastern District of Missouri and elsewhere, the defendants,

**DEON E. ANDERSON,**

**ROBERT DIAZ, JR., a/k/a Bobby Diaz, and,**

**JEFFREY LAVELLE,**

acting together and aiding and abetting one another, for the purpose of executing and attempting to execute the above-described scheme to defraud, and to obtain money and in attempting to do so, and to deprive Boeing of its right to the honest, faithful, and impartial services of its Procurement Officer, knowingly caused to be delivered by the United Parcel Service, according to the directions thereon, three (3) Postal Money Orders payable to defendant **DEON E. ANDERSON**, said Postal Money Orders being mailed from Santee, California to St. Peters, Missouri.

All in violation of Title 18, United States Code, Sections 1341, 1346, and 2.

### COUNTS 2 - 3
### WIRE FRAUD

11. The grand jury reincorporates by reference as if fully stated herein paragraphs 1 - 9 of this Indictment.

THE WIRES

12. On or about March 11, 2013, within the Eastern District of Missouri, and elsewhere, the defendants,

**DEON E. ANDERSON,**

**ROBERT DIAZ, JR., a/k/a Bobby Diaz, and,**

**JEFFREY LAVELLE,**

acting together and aiding and abetting one another, for the purpose of executing the above-described scheme and artifice to defraud and to obtain money and property and in attempting to do so, and to deprive Boeing of its right to the honest, faithful, and impartial services of its Procurement Officer, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, to wit: a telephone call between

5

defendant **JEFFREY LAVELLE** in Seattle, Washington (425-239-56XX) and defendant **DEON E. ANDERSON** in St. Louis, Missouri (314-625-48XX) wherein **ANDERSON** provided **LAVELLE** with non-public competitor bid information in connection with a Boeing military aircraft parts purchase order.

13. On or about March 13, 2013, within the Eastern District of Missouri, and elsewhere, the defendants,

**DEON E. ANDERSON,**

**ROBERT DIAZ, JR., a/k/a Bobby Diaz, and,**

**JEFFREY LAVELLE,**

acting together and aiding and abetting one another, for the purpose of executing the above-described scheme and artifice to defraud and to obtain money and property and in attempting to do so, and to deprive Boeing of its right to the honest, faithful, and impartial services of its Procurement Officer, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, to wit: a telephone call between defendant **JEFFREY LAVELLE** in Seattle, Washington (425-239-56XX) and defendant **DEON E. ANDERSON** in St. Louis, Missouri (314-625-48XX) wherein **ANDERSON** provided **LAVELLE** with non-public competitor bid information in connection with a Boeing military aircraft parts purchase order.

In violation of Title 18, United States Code, Sections 1343, 1346, and 2.

## COUNT 4
## WIRE FRAUD

SCHEME TO DEFRAUD

14. The grand jury fully incorporates by reference, as if fully set forth herein, paragraphs 1 - 4 of the Background section of this Indictment.

15. Beginning on or about November 1, 2009, and continuing through February 28, 2013, both dates being approximate and inclusive, in the Eastern District of Missouri and elsewhere, defendants,

**DEON E. ANDERSON, and**

**WILLIAM P. BOOZER,**

acting together and aiding and abetting one another, devised, intended to devise, and knowingly participated in a scheme to defraud and obtain money from Boeing and the United States, by means of materially false and fraudulent pretenses, representations, and promises, and to deprive Boeing of its right to the honest, faithful, and impartial services of its Procurement Officer, defendant **DEON E. ANDERSON**.

16. It was a part of the scheme that on one and more occasions, defendant **BOOZER** requested defendant **ANDERSON** provide him with non-public competitor bid information and historical price information in connection with Boeing military aircraft part purchase order requests for quotes. Defendants **BOOZER** and **ANDERSON** communicated by telephone and e-mail between California and St. Louis, Missouri. The two communicated in code on a regular basis, defendant **BOOZER** frequently requesting "Isle 5", a coded reference to "price check on aisle 5", understood by defendant **ANDERSON** to be a request for historical price information and competitor bid information.

17. It was a further part of the scheme that on one and more occasions defendant **ANDERSON**, without the knowledge of Boeing, provided Globe Dynamics, through defendant **BOOZER**, non-public competitor bid information and historical price information in connection with one and more Boeing military aircraft part purchase order requests for quotes. Defendant **BOOZER** used that non-public competitor bid information and historical price information in preparing and submitting bids on behalf of Globe Dynamics to Boeing relative to and in response to approximately sixteen (16) different Boeing requests for quotes relative to those various purchase orders.

18. It was a further part of the scheme that on one and more occasions, in exchange for defendant **ANDERSON** providing Globe Dynamics with non-public competitor bid information and historical price information in connection with the Boeing purchase order requests for quotes, defendant **BOOZER** made cash payments to defendant **ANDERSON**. On more than one occasion defendant **ANDERSON** met with defendant **BOOZER** in Huntington Beach, California, where **ANDERSON** received cash payments directly from **BOOZER**.

19. It was a further part of the scheme that of the sixteen (16) different Boeing requests for quotes which Globe Dynamics submitted bids on using the non-public information provided by defendant **ANDERSON**, Globe Dynamics was awarded seven (7) purchase orders to supply United States military aircraft parts to Boeing. Those purchase orders totaled in excess of $1,500,000.00.

THE WIRE

20. On or about January 24, 2011, within the Eastern District of Missouri, and elsewhere, the defendants,

**DEON E. ANDERSON, and**

**WILLIAM P. BOOZER,**

acting together and aiding and abetting one another, for the purpose of executing the above-described scheme and artifice to defraud and to obtain money and property and in attempting to do so, and to deprive Boeing of its right to the honest, faithful, and impartial services of its Procurement Officer, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, to wit: an e-mail between defendant **WILLIAM P. BOOZER** in California (pboozer@globedynamics.com) and defendant **DEON E. ANDERSON** in St. Louis, Missouri (deon.e.anderson@boeing.com) wherein **ANDERSON** provided **BOOZER** with non-public historical price information in connection with a Boeing military aircraft parts purchase order.

In violation of Title 18, United States Code, Sections 1343, 1346, and 2.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 1341 and 1343 as set forth in Counts 1 through 4, the defendants shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense.

    a. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

2. Specific property subject to forfeiture includes, but is not limited to, the following:

   a. $200 in cash seized from Deon Anderson on January 14, 2013.

   b. $5,000 in cash seized from Deon Anderson on February 15, 2013.

   c. $3,000 in cash seized from Anderson on February 16, 2013.

   d. $1,000 US Postal Money Order #20121396311 seized from Deon Anderson on March 30, 2013.

   e. $1,000 US Postal Money Order #20121396322 seized from Deon Anderson on March 30, 2013.

   f. $900 US Postal Money Order #20121396333 seized from Deon Anderson on March 30, 2013.

   g. $2,000 in cash seized from Deon Anderson on April 25, 2013.

   h. 2007 Cadillac Escalade EXT, VIN: 3GYFK62817G257498, seized from Deon Anderson on May 23, 2013.

   i. 2010 Chevrolet Camaro, VIN: 2G1FK1EJXA9131576, seized from Deon Anderson on May 30, 2013.

3. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

            A TRUE BILL.


            _____
            FOREPERSON

RICHARD G. CALLAHAN
United States Attorney


_____
HAL GOLDSMITH, #32984MO
Assistant United States Attorney